**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**

------------------------------------X

SHENZHEN CHANGYU TECHNOLOGY CO  :          [__ CIV. ____ (___)(___)]
LTD.,

                    PLAINTIFF,     :

          VS.                      :          **COMPLAINT**

THE INDIVIDUALS, PARTNERSHIPS AND  :
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A"

                    DEFENDANT.    :

------------------------------------X

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Shenzhen Changyu Technology Co Ltd. ("Changyu" or "Plaintiffs"), by and through its attorneys, for its Complaint against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively, "Defendants"). This is an action for infringement of Plaintiff's United States Design Patent No. USD 878058S1 under the Patent Act, 35 U.S.C. § 271, based on Defendants' unauthorized commercial manufacture, use, importation, offer for sale, and sale of Plaintiff's Kaxionage® toilet brush in the United States through various Internet based e-commerce stores operating under the seller identities set forth on Schedule "A" hereto (the "Seller IDs"). In support of their claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a)-(b).

2.      The Defendants have directed sales to Florida residents by operating stores through online Platforms that offer shipping within the United States, including Florida and this District, and which accept payments in U.S. dollars. The Defendants have committed and continue to commit tortious acts in Florida, engage in interstate commerce, and have improperly caused Plaintiff significant injury in the State of Florida.

3.      This Court has personal jurisdiction over Defendants because they have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271 in this District. Similarly, Defendants place infringing products into the stream of commerce, with full knowledge and/or understanding that such products are sold in the State of Florida, including in this District. The acts by Defendants cause injury to Plaintiff within this District.

4.      Upon information and belief, Defendants derive substantial revenue from the sale of infringing products within this District, and reasonably their actions have consequences within this District as they derive considerable revenue from their interstate commerce activities within the district.

5.      Defendants acts of infringement giving rise to this cause of action and which occur in this District in violation of 35 U.S.C. § 271.

6.      Venue is proper over Defendants in this Court pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

## THE PARTIES

7.      Changyu is a corporation organized under the laws of China, having its office and principal place of business at 202, Building G,No. 89, Industrial Avenue, Fuchengao Community, Pinghu Sub-District, Shenzhen, China 518000.

2

8.      Changyu is the owner of U.S. Design Patent No. D 878,058 S for "TOILET BRUSH," (Plaintiffs' Patent" or "the '058 Patent"). Changyu acquired the rights of Jiahui Luo US Design Patent Application for the design of the Toilet brush having application number 29/674,739 entitled: "Toilet brush" dated 2018-12-25 and granted on 2020-03-17.

9.      Like other Patent owners, Plaintiffs continuously suffer and sustain violations of their patent rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Plaintiffs' patented design for purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across their e-commerce stores. The natural and intended byproduct of Defendants' actions is to benefit and profit at the expense of Plaintiffs.

10.     Defendants are individuals, partnerships, and/or business entities of unknown makeup, each of whom, upon information and belief, either live and/or function in foreign jurisdictions.

11.     Defendants focus their business activities toward consumers throughout the United States, including Florida and this district through the operation of Internet based e-commerce stores, such as Amazon.com via Internet marketplace websites under the Seller IDs. Defendants may be sued pursuant to Federal Rule of Civil Procedure 17(b).

12.     Defendants are the past and/or present controlling forces behind the sale of products bearing counterfeits and infringements of Plaintiffs' patent as described herein using, at least, the Seller IDs.

13.    Defendants' use their Internet-based businesses to infringe the intellectual property rights of Plaintiffs and others.

## COMMON ALLEGATIONS

14.    Plaintiff's United States Design Patent Number US D878,058 S ("the 058 Patent"), titled TOILET BRUSH, was duly and legally issued on March 17, 2020, and names Jiahui Luo as the inventor. Attached as Exhibit 1 is a true and correct copy of the '058 Patent.

15.    The '058 patent claims the ornamental design as shown and described in the patent, including the ornamental design for a toilet brush.

16.    Changyu is the assignee of the entire right, title, and interest in the '058 patent. Attached is Exhibit 2 which is a true and correct copy of the Assignment of the '058 patent

17.    Defendants are promoting, advertising, distributing, selling, and offering for sale goods in interstate commerce using counterfeit and imitations of Plantiff's '058 patent design (the "Counterfeit Goods") through at least the Internet based e-commerce stores operating under the Seller IDs.

18.    Defendants' Counterfeit Goods are of a quality substantially different than that of Plaintiffs' genuine goods.

19.    Defendants advertise their e-commerce stores, including their Counterfeit Goods, to the consuming public via at least the e-commerce stores under the Seller IDs. In so advertising their stores and products.

20.    In recognition of the commercial success of the toilet brush design of the '058 patent, Defendants copied the '058 patent design. The design of Defendants' toilet is the same, or substantially the same, as the design of the '058 patent. The designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendants' products believing them to be substantially the same as the design protected by the '058 patent.

21.    As the side-by-side comparison below reveals, Defendants have misappropriated Plaintiffs patented toilet brush designs, constituting infringement of the '058 patent.

| U.S. Design Patent No. D 878,058 S | Infringing and Counterfeit Product |
|---|---|
|  |  |



22.     Above are comparisons of Defendants design that is the same, or substantially the same as the design of the '058 patent.

23.     Changyu has not granted a license or any other authorization to Defendants to make use, offer for sale, sell, or import toilet brushes that embody the design patented in the '58 patent which is proprietary to Changyu.

24.     In spite of the rights of Plaintiff, Defendants willfully and knowingly infringed Plaintiff's rights, including as to the '058 patent.

25.     Defendants' wrongful conduct and infringing activities will continue unless enjoined by this Court

26.     Further, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiffs.

27.     Plaintiffs have no adequate remedy at law.

28.     The harm and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I: INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D878,058 S

29.     Plaintiff hereby re-alleges and incorporates by reference the general allegations set forth above in Paragraphs 1-28.

30.     Changyu's United States Design Patent D878,058 S (the "'058 patent") is valid and enforceable.

31.     Changyu is the owner of all right, title, and interest in and to the designs covered by the '058 patent, and Changyu is entitled to receive all damages and the benefits of all other remedies for Defendants' infringement.

32.     Without permission or authorization from Changyu, Defendants have imported, manufactured, used, offered for sale, and/or sold and continue to import, manufacture, use, offer

for sale, and/or sell including, without limitation, the infringing products, which embody the design covered by the '058 patent.

33.    Defendants' infringing products contain each and every aspect of the claimed designs in the '058 patent.

34.    Defendants' infringing products have an overall appearance that is confusingly similar to the claimed designs in the '058 patent

35.    Defendants' infringing products have an overall appearance that is substantially the same as the claimed designs in the '058 patent.

Defendants have actual notice of the '058 patent since at least February 2021 Defendants' infringement of the '058 patent has been and continues to be willful.

Defendants' conduct has caused and will continue to cause Plaintiff substantial damage, including irreparable harm, for which Plaintiff has no adequate remedy at law, unless and until Defendant is enjoined from infringing the '058 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Under all claims for relief, that a preliminary and permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunctions, from promoting, advertising, distributing, selling, and offering for

sale goods in interstate commerce using counterfeit and imitations of Plaintiff's Toilet brush under its '058 patent design.

B. For an order requiring Defendants to file with the Court and provide to Plaintiff an accounting of all sales and profits realized through Defendants' use of Toilet brush under its '058 patent design and any counterfeits thereof.

C. For an award of interest, including pre-judgment interest on the foregoing sums.

D. For a preliminary and permanent injunction enjoining Defendants and their agents, officers, directors, employees and all persons in privity or active concert or participation with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '058 patent.

E. For a judgment and award that Defendants account for and pay to Plaintiff damages adequate to compensate for Defendants' infringement of the '058 patent, including lost profits but in no event less than a reasonable royalty.

F. For a judgment that Defendants have infringed the '058 patent.

G. For a judgment and award of Defendants' total profits in an amount subject to proof at trial, pursuant to 35 U.S.C. § 289.

H. For a judgment and award of any supplemental damages sustained by Plaintiff for any continuing post-verdict infringement of the '058 patent until entry of final judgment with an accounting as needed.

I. For a finding that Defendants' infringement is willful and an award of increased damages for willful infringement pursuant to 35 U.S.C. § 284.

J. For an order finding that this case is exceptional case under 35 U.S.C. § 285 and awarding Changyu its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Defendants;

K. For an award of Plaintiff's costs and disbursements incurred in this action, including Changyu's reasonable attorneys' fees under 15 U.S.C. § 1117(a).

L. For an order requiring Defendants to file with the Court and provide to Plaintiff an accounting of all sales and profits realized through Defendants' counterfeit goods.

For such other and further relief as the Court may deem just and proper.

Dated:   June 9, 2021                           Respectfully submitted,
         Miami, Florida                         **RUBIOLAW PLLC**

                                                */s/ Felipe Rubio*
                                                Felipe Rubio, Esq.
                                                8950 SW 74th Ct, Ste 1804
                                                Miami, Florida 33156
                                                Tel: 305-670-0323
                                                mail@rubiolaw.com

                                                Attorneys for Shenzhen Changyu Technology
                                                Co Ltd.